UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

IN RE: REQUEST FOR JUDICIAL             CASE NO.      1:22-mc-91552
ASSISTANCE FROM THE NATIONAL
EMPLOYMENT COURT NO. 46
IN BUENOS AIRES, ARGENTINA
IN THE MATTER OF LECLIA
SCARPELLI V. GRAND CIRCLE
ARGENTINA S.R.L., ET AL.
                                                    /

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)**

The United States of America, by and through counsel, submits this Memorandum of

Law in support of the Application for Order, pursuant to 28 U.S.C. § 1782(a), to execute a Letter

of Request from judicial authorities in Buenos Aires, Argentina for international judicial

assistance to obtain testimony from Vantage Travel.

**INTRODUCTION**

The request for international judicial assistance comes from the Buenos Aires, Argentina

("Argentine" Court). Specifically, the Argentine Court has issued a Letter of Request requesting

judicial assistance to obtain testimony for use in *Lucelia Scarpelli v. Grand Circle Argentina

S.R.L., et al.*, Foreign Reference Number 695/2022. *See* Declaration of Senior Trial Counsel

Katerina Ossenova, Ex. A [hereinafter Ossenova Decl.] (Letter of Request received by the Office

of International Judicial Assistance on June 21, 2022).

The facts of this case, as stated in the Letter of Request, indicate that this is a civil

proceeding in which the Argentine Court is adjudicating an employment dispute between Lucelia

Scarpelli and Grand Circle Argentina S.R.L. In order to make its determination, the Court is

requesting information regarding Lucelia Scarpelli's alleged employment history with Vantage Travel, including information regarding the duration and extent of her alleged employment.

The Argentine Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter HCCH 1970 Evidence Convention]. In order to execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782(a).

## ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION

The Office of International Judicial Assistance (OIJA) received this request, seeking the testimony from Vantage Travel, on June 21, 2022. Upon receipt, OIJA attempted to contact the witness and obtain its voluntary compliance.

OIJA initially called and left a voicemail for Vantage Travel on July 11, 2022, and Caitlin Bovetti returned that call and provided her email for further contact. On July 13, 2022, OIJA emailed the Request to Ms. Bovetti seeking a response by August 5, 2022. *See* Ossenova Decl., Ex. C-1. When OIJA did not receive a response by the deadline, additional phones calls were made to Vantage Travel on August 19, 2022 and August 24, 2022, and voicemails were left on both dates. Additionally, on August 24, 2022, OIJA attempted to follow up directly with Ms. Bovetti, but the email was returned as undeliverable. *Id*. at Ex. C-2. On August 25, 2022, OIJA spoke with a receptionist by phone who recommended emailing customecare@vantagetravel.com and sending the Request to the attention of the Legal Department and Ms. Bovetti. On the same day, OIJA sent a second letter seeking voluntary compliance by September 16, 2022 to Vantage Travel by email, fax, and Federal Express.. *Id*. at Ex. C-3. The package was delivered by Federal Express, signature required, on August 29, 2022, to

"Attn: Caitlin Bovetti, Vantage Travel 90 Canal St., Boston, MA 0211" and was signed for by Bovetti. *Id*. at Ex. C-4. However, the witness once again failed to respond by the deadline. On September 21, 2022, OIJA sent a third letter seeking voluntary compliance by October 14, 2022 by email, fax, and Federal Express. *Id.* at Ex. C-5. OIJA received confirmation of the fax's delivery on September 21, 2022. *Id*. at Ex. C-6. Finally, on September 23, 2022, Federal Express delivered the final request for voluntary compliance. *Id*. at Ex. C-7. Despite Vantage Travel initially indicating its willingness to voluntarily comply, OIJA has yet to receive the testimony, which has been requested several times via email, fax, and mail.

To date, Vantage Travel has not provided responses to the interrogatories despite being provided ample opportunity to do so voluntarily.

## ARGUMENT

### I.     THE HCCH 1970 EVIDENCE CONVENTION

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." HCCH 1970 Evidence Convention pmbl. The HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the United States and Argentina. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-

table/?cid=82 (last visited October 27, 2022) (The HCCH 1970 Evidence Convention entered

into force in Argentina on July 7, 1897).

Article 10 of the HCCH 1970 Evidence Convention provides that:

In executing a Letter of Request the requested authority shall apply the
appropriate measures of compulsion in the instances and to the same extent as are
provided by its internal law for the execution of orders issued by the authorities of
its own country or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10. Furthermore, Article 9 of the HCCH 1970

Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a

Letter of Request shall apply its own law as to the methods and procedures to be followed, and

that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970

Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are

binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v.

Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately

and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J.,

concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d

1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a

treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000).

## II.   STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining testimony is contained

in 28 U.S.C. § 1782. This section states, in pertinent part:

Assistance to foreign and international tribunals and to litigants
before such tribunals

(a) The district court of the district in which a person resides or is
found may order him to give his testimony or statement or to

4

> produce a document or other thing for use in a proceeding in a
> foreign or international tribunal,…. The order may be made
> pursuant to a … request made, by a foreign or international
> tribunal … and may direct that … the document … be produced,
> before a person appointed by the court. By virtue of his
> appointment, the person appointed has power to administer any
> necessary oath and take the testimony or statement. The order
> may prescribe the practice and procedure, which may be in
> whole or part the practice and procedure of the foreign country
> or the international tribunal, for … producing the document ….
> To the extent that the order does not prescribe otherwise, the
> testimony or statement shall be taken, and the document or other
> thing produced, in accordance with the Federal Rules of Civil
> Procedure.

28 U.S.C. § 1782(a). *See also Aérospatiale*, 482 U.S. at 529 (providing a brief history of the

HCCH 1970 Evidence Convention). Section 1782 "is the product of congressional efforts, over

the span of 150 years, to provide federal-court assistance in gathering evidence for use in foreign

tribunals." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 247 (2004). By this law,

Congress intended that the United States set an example to other nations by making judicial

assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal

Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical

instances in which Congress has broadened § 1782, each time increasing the statute's ability to

provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S.

241. District courts have repeatedly appointed Department of Justice Attorneys to act as

commissioners pursuant to this provision for the purpose of rendering judicial assistance to

foreign courts in response to a request for assistance. *See, e.g., In re Clerici,* 481 F.3d 1324, 1327

(11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney

to obtain sworn answers to questions posed in letters rogatory). *See also In re Request for

Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires,

Argentina*, No. 3:19-MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing

Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Argentine Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004). *See also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Vantage Travel "resides or is found in" the District of Massachusetts because its address, as provided by the Argentine Court and verified through OIJA's direct communication with Vantage Travel, is in Boston, Massachusetts. *See* Ossenova Decl., Ex. A. Second, the Letter of Request explains that the testimony is "for use in a proceeding before a foreign tribunal" as such testimony is needed to verify the employment history of Lucelia Scarpelli. *Id*. Third, the Letter of Request itself reflects that it "is made by a foreign or international tribunal." *Id*.

### III.    DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re*

*Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Argentine Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Vantage Travel is not a party to the proceedings and is not subject to the

Argentine Court's jurisdiction because it is located in Massachusetts; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the application based on the nature of the Argentine Court or the character of the proceedings. Additionally, this request was initiated by the Argentine Court and not by an independent party; therefore, the Argentine Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527 (discussing a specific application of the second *Intel* factor).

With respect to the third factor, because the requester is the Argentine Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Argentine discovery rules or to thwart policies of either the United States or Argentina. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Argentine Court's request for judicial assistance.

And with respect to the fourth factor, the request seeks Vantage Travel's responses to no more than two questions with subparts, and therefore would not be unduly intrusive or burdensome. *See, e.g., In re Svitavy*, 748 F. Supp. 2d at 529 (holding that providing a DNA by buccal swab is not unduly burdensome). *See also In re Clerici,* 481 F.3d at 1335 (holding that it was the witness's burden to file a motion to limit discovery, and as he had not done so, the Court was not going to address the scope of the request). Thus, the fourth factor also weighs in favor of granting the request.

8

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Argentine Court.

**CONCLUSION**

Attached to the Declaration of Senior Trial Counsel Katerina Ossenova is the proposed subpoena that this office intends to serve (in substantially similar format) on Vantage Travel should the Court grant the Application pursuant to 28 U.S.C. § 1782(a). We respectfully request that the Court order Vantage Travel to produce the affidavit directly to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance (OIJA) for transmission to the National Employment Court No. 46 in Buenos Aires, Argentina. 28 U.S.C. § 1782(a) ("The order may prescribe the practice and procedure … for … producing the document..."); *In re Clerici*, 481 F.3d at 1335 (The district court may determine the "practice and procedure" that 1782 discovery should take).

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Department of Justice Senior Trial Counsel Katerina Ossenova Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Respectfully submitted,

RACHEL S. ROLLINS
United States Attorney

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
Civil Division, United States Department of Justice

JEANNE E. DAVIDSON
Director, Office of Foreign Litigation
Civil Division, United States Department of Justice

By:     /s/ Katerina Ossenova
        KATERINA OSSENOVA
        Senior Trial Counsel
        United States Department of Justice, Civil Division
        Office of Foreign Litigation
        Office of International Judicial Assistance
        1100 L Street, NW
        Room 8102
        Washington, DC 20530
        Telephone: 202-353-0194
        Email: Katerina.V.Ossenova@usdoj.gov